Filed 3/23/16  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076665 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F07456) |
| v. | |
| SCOTT RANDOLPH DAVIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Scott Randolph Davis has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the record, we find a clerical error in the abstract of judgment, which we will correct, and we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTS AND PROCEEDINGS

On November 13, 2013, Sacramento Police Officer Jason Start contacted Dennis Jackson at a convenience store and escorted him to his apartment along with a team of other officers. After knocking and announcing their presence, two females opened the door and allowed the officers inside. Inside, the officers conducted a protective sweep of the apartment. Probation Officer Brian Rossi entered a bedroom, pulled back a sheet covering the closet, and found defendant lying on the ground. Officer Rossi handcuffed defendant and placed him in the patrol car.

Sacramento Police Officer Christopher Shippen searched the closet where defendant was found. Inside, Officer Shippen found two pill bottles sitting on a shelf alongside some clothing and shoes. The larger bottle contained a plastic bag inside of which were 63 smaller bindles of heroin. The smaller bottle contained crystal methamphetamine.

In the bedroom, Officer Shippen found a cell phone plugged into a wall outlet and sitting on top of a small table. Shippen looked through the photos on the cell phone to determine ownership and saw several photos of defendant and a few photos of an unidentified man. There were also photos of a gun on the cell phone, including one with a person's left hand with tattoos matching those on defendant's hand. The date stamp on the phone indicated the photos were taken a few days earlier. Shippen then found a gun similar to the one in the photo approximately three feet from the cell phone. The gun was a semi-automatic pistol and appeared to be operable.

The People subsequently charged defendant with violations of Penal Code section 29800, subdivision (a)(1), felon in possession of a firearm, Health and Safety Code section 11351, possession of heroin for sale, and Health and Safety Code section 11377, subdivision (a), possession of methamphetamine. The People also alleged defendant served three prior prison terms and was previously convicted of a strike offense.

2

Jury trial began in April 2014. Caitlin Little from the Sacramento County District Attorney's Laboratory of Forensic Services (the lab) testified. She explained her process for testing the suspected heroin found in the closet with defendant, which was consistent with the lab's policy. After visually inspecting the 63 bindles found in the larger pill bottle and determining that none stood out "as significantly different from the others," she randomly selected one of the bindles for testing. She confirmed that bindle was heroin and opined that the remaining bindles also were heroin because they were packaged together. She also determined that the total weight of the 63 bindles, including packaging, was 6.72 grams.

Sacramento Police Officer Darby Lannom, who was not associated with the investigation of this case, testified as an expert on narcotics use and sales. He described a usable amount of drugs as any amount that can be manipulated and would cause some effect on the body when ingested. Based on his training and experience, he said heroin is typically broken down into smaller amounts and packaged for sale in either plastic bags or saran wrap.

Officer Lannom inspected the 63 bindles found inside the closet with defendant and recognized the packages as similar to those sold on the street for $20. He also testified that, in his opinion, a heroin user would not have 63 bindles because each package was typically a single dose and a user either would not possess so many at one time or it would be packaged differently. It was his opinion that a person who possessed this amount of heroin is involved in its sale rather than just personal use.

Moreover, in Officer Lannom's experience, a person selling drugs often possesses a firearm for protection and a cell phone to arrange drug sales. In prior investigations, Officer Lannom also saw photos of drug dealers "holding or flashing large amounts of cash." He looked at the pictures from defendant's cell phone in which defendant is displaying large amounts of cash and testified that, in his opinion, that "kind of cash" is consistent with a drug dealer, not a drug user.

Officer Lannom also testified that 0.88 grams of methamphetamine is a usable amount.

The jury found defendant guilty as charged and in a bifurcated proceeding the trial court found true all the alleged enhancements. The court then denied defendant's motion to strike the prior strike conviction and sentenced defendant to an aggregate term of 13 years eight months in state prison. Defendant filed a timely notice of appeal.

After defendant filed his notice of appeal, the trial court redesignated defendant's conviction for possession of methamphetamine to a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) through (g). The sentence was deemed time served and the court resentenced defendant to an aggregate term of 12 years four months in state prison.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant filed a supplemental brief raising numerous claims on appeal. He contends: (1) there was insufficient evidence to convict him of "possession or possession of sales," (2) there was prosecutorial misconduct, (3) the prosecutor withheld exculpatory evidence, citing *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215] (*Brady* error), and (4) he received ineffective assistance of counsel. We affirm the judgment.

*A. Sufficiency of the Evidence*

Defendant contends there was insufficient evidence to convict him of possession or possession for sale. In support of his contention, defendant argues he had no money when he was arrested, he did not live in the home where he was arrested, he was "not fully aware of the narcotic," and there was no evidence proving he knew about the

4

narcotics. We conclude there was sufficient evidence to convict defendant of possessing methamphetamine and possessing heroin for the purpose of sale.

" 'In reviewing a challenge to the sufficiency of the evidence, we do not determine the facts ourselves. Rather, we "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.] We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] [¶] . . . "[I]f the circumstances reasonably justify the jury's findings, the judgment may not be reversed simply because the circumstances might also reasonably be reconciled with a contrary finding." [Citation.] We do not reweigh evidence or reevaluate a witness's credibility. [Citation.]' " (*People v. Nelson* (2011) 51 Cal.4th 198, 210.) Reversal on the ground of insufficiency of the evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support . . .' " the jury's finding. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Here, the heroin and the methamphetamine were found within defendant's reach in a closet where defendant appeared to be hiding from the police. It was the expert's opinion that the heroin was packaged for sale and not for personal use and the methamphetamine was a usable amount. A gun was found in the room with defendant as well as a cell phone. Pictures on the cell phone, taken only days earlier, showed defendant holding the gun and displaying a large amount of cash. According to the expert, people who sell drugs often keep a firearm for protection and use a cell phone to arrange drug sales. The expert also testified that, in his experience, he has seen photos of drug dealers "holding or flashing large amounts of cash." On defendant's cell phone were pictures of defendant displaying a large amount of cash.

5

Based on this evidence, the jury could reasonably conclude the drugs were in defendant's possession and he intended to sell the heroin. Accordingly, substantial evidence supports defendant's convictions.

### B. Prosecutorial Misconduct

Defendant also contends the People engaged in misconduct by conducting an improper investigation and introducing irrelevant photographs of defendant holding money, which served no purpose other than to "make . . . defendant seem he was a drug dealer." Defendant failed to raise these objections in the trial court. They are thus forfeited on appeal. (*People v. Thomas* (2012) 54 Cal.4th 908, 937-938.)

### C. Brady Error

Defendant next contends the People committed *Brady* error by withholding exculpatory evidence, namely DNA and fingerprint tests from the pill bottles that were "inconclusive." The record, however, does not include any report on DNA and fingerprints from the pill bottles. In fact, the only reference to DNA and fingerprint evidence is Officer Shippen's testimony that he submitted a request for "CSI to print and DNA" the gun found inside the apartment but never received a report. Accordingly, the record does not support defendant's contention.

### D. Ineffective Assistance of Counsel

Defendant further contends he received ineffective assistance of trial counsel. We are not persuaded.

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is

6

more appropriately decided in a habeas corpus proceeding. [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Here defendant contends trial counsel failed to call a private investigator to testify that during his investigation he interviewed a witness who said the drugs found in the closet with defendant did not belong to defendant. Trial counsel was never asked for any explanation as to why he failed to call the investigator and there is none provided to us. There could easily be a satisfactory explanation, such as the statement would be hearsay and not subject to an exception, or the witness with whom the investigator spoke was not credible.

Defendant also contends trial counsel was ineffective for advising him not to "cop out to the hand weapon." Assuming that was the advice trial counsel gave defendant, counsel was never asked for any explanation as to why he so advised defendant and there is none provided to us. Again, there could easily be a satisfactory explanation. For example, if admitting the gun charge would not have resulted in a reduction in the charges or enhancement allegations as part of plea negotiations, the admission would be of no benefit to defendant.

In sum, defendant has failed to establish he received ineffective assistance of trial counsel.

*E. Wende Review/Clerical Error*

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We did, however, find a clerical error that requires correction. At sentencing, the trial court ordered defendant to pay $260 "in penalties and assessments." The abstract of judgment does not include those penalties and assessments. "The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. [Citations omitted.]" (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) Accordingly,

7

the trial court must prepare a corrected abstract of judgment reflecting the $260 in penalties and assessments.  (*Ibid.*)

DISPOSITION

The judgment is affirmed.  The clerk of the superior court shall prepare an amended abstract of judgment reflecting the $260 in penalties and assessments ordered by the trial court and forward a certified copy to the Department of Corrections and Rehabilitation.

                                                              HULL            , J.

We concur:

        BLEASE          , Acting P. J.

        MURRAY          , J.

8